# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LUPE KING** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-1337-SMY-RJD |
| | ) |
| **ROBERT WILKIE,** *Acting Secretary of Veterans Affairs*, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Plaintiff Lupe King's Motion for Leave to Proceed *in forma pauperis* (Doc. 15). Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Court is satisfied from King's affidavit that she is indigent and cannot pay the $400.00 filing fee at this time. King does not work and receives disability benefits totaling $1,164.20 per month. She has $950.00 in monthly payments and significant debt. Her monthly payments and debts exceed her monthly income.

The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to

dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In conducting a § 1915(e)(2) screening, the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds. The standard for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, under Rule 8 of the Federal Rules of Civil Procedure, a Complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

King claims that she was hired by Defendant on July 14, 2014 and was discriminated against on account of her race, age, disability, and national origin. She further claims that her rights pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") were violated and that she was subjected to disparate treatment, harassment, and retaliation. In particular, King alleges she was subjected to disparaging jokes and comments, that she was harassed by a younger, white coworker, that she was denied reasonable accommodations, and that

her employment was suspended in retaliation for complaints.  King received a Notice of Right to Sue in July 2015.  She seeks compensatory, reinstatement, and punitive damages.[1]

The Amended Complaint generally meets the notice pleading requirements of Rule 8 with one caveat.  HIPAA does not create a private right of action.  *Carpenter v. Phillips*, 419 Fed.Appx. 658, 659 (7th Cir. 2011).  Therefore, to the extent that King claims her rights under HIPAA were violated, that claim is **Dismissed with prejudice.**

## Conclusion

For the foregoing reasons**,** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 15) is **GRANTED** and Plaintiff's claims pursuant to HIPAA are **DISMISSED with prejudice**.  Plaintiff shall proceed on her race, age, disability, national origin discrimination, harassment, disparate treatment, and retaliation claims.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Robert Wilkie; the Clerk shall issue the completed summons.  The United States Marshals SHALL serve Defendant Wilkie pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.   All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

---

[1] King also seeks a default judgment (See, Doc. 13 – Amended Complaint).  Because Defendant has not been served in this matter and there has been no entry of default, Plaintiff's request for this relief is **STRICKEN**.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS SO ORDERED.**

**DATED: October 7, 2019**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**