IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUPE KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-1337-SMY |
| | ) |
| ROBERT WILKIE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendant Robert Wilkie's Motion to Dismiss Any ADEA Claims Pursuant to Rule 12(b)(3), or in the alternative, Motion to Transfer Case Pursuant to 28 U.S.C. § 1404(a) and 1406(a) (Doc. 21), Wilkie's Motion to Stay (Doc. 22), Plaintiff Lupe King's Motion for Reconsideration (which is in fact Plaintiff's response to the Motion to Dismiss) (Doc. 27), and Wilkie's Motion to File Reply (Doc. 28). For the following reasons, the Motion to Dismiss Any ADEA Claims is **DENIED**, the Motion to Transfer Case is **GRANTED**, the Motion to Stay is terminated as **MOOT**, the Motion for Reconsideration is **TERMINATED**, and the Motion to File Reply Brief is **DENIED**.

## Background

Plaintiff Lupe King is proceeding on claims that she was discriminated and retaliated against, harassed, and subjected to disparate treatment on account of her race, age, disability, and national origin in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794, *et seq.* At the time of the alleged discrimination, King was employed by the Department of Veterans Affairs at the Captain James A. Lovell Federal Health Care Center

("FHCC") in Chicago, Illinois. Her claims center on the work environment at the FHCC and the actions of current and former employees of the FHCC (Doc. 21-1).

When King filed her Complaint (Doc. 1), she was living in University City, Missouri (Doc. 1, p. 4). King moved to Marietta, Georgia on or around February 3, 2020. Defendant moves to dismiss or transfer this action, arguing King's ADEA claim was filed in the wrong venue and should be dismissed, or alternatively, that the District Court for the Northern District of Illinois, where the FHCC is located, is a more convenient forum.

**Discussion**

The ADEA does not have its own venue provision; the general venue statute applies. Under this statute, an action may be brought against an officer or employee of the United States (in his official capacity) "in any judicial district in which (A) a defendant in the action resides, if all defendants are residents of the State in which the district is located, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). Thus, venue for Plaintiff's ADEA claim lies in the District of Columbia, the Northern District of Illinois, and the Eastern District of Missouri (where King lived when this lawsuit was filed). Because venue does not lie in this District, King's ADEA claim is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3).

Conversely, venue in this district is proper for King's Title VII and RA claims. Title VII's venue provision, which also applies to lawsuits filed under the RA, provides that a lawsuit:

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is

not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). As such, venue lies in this district and in the Northern District of Illinois for these claims because the alleged unlawful employment practices occurred in Chicago, Illinois. Consequently, King's ADEA claim could be dismissed (and presumably refiled in another district) while her remaining related claims would proceed in this Court. But this would not serve the interests of justice.

Title 29 U.S.C. § 1404(a) affords the Court broad discretion to transfer an action filed in a proper district to a district that may be more convenient. *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). In making such a determination, the Court considers several factors including the convenience of the parties, the convenience of the witnesses, the location of material events and material evidence, and the interests of justice. *Id*. at 978; *Coffey v. Van Dorn Iron Works*, 796 F.2d 217-219 (7th Cir. 1986). "The movant ... has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient," Id. at 219–20, and the Court must give some weight in favor of the forum in which the plaintiff chose to file the Complaint. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989); *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir.1982).

After considering the relevant factors, this Court finds that transfer to the Northern District of Illinois is appropriate under § 1404(a). Most witnesses and evidence are located at the FHCC which is situated in the Northern District of Illinois. King's claims arise from alleged statements and actions of her former co-workers and supervisors. These witnesses are current and former employees of the FHCC and more than likely reside near the facility in Northern Chicago (Doc. 21-1, pp. 1-2). To the extent that there is documentary evidence, such documents would be located at the FHCC facility. Thus, the location of material events and ease of access to proof make the

Northern District of Illinois a more convenient forum.

King argues that it would be inconvenient to litigate in the Northern District of Illinois and that Defendant is merely preventing her from seeking justice. However, the deference typically afforded a plaintiff's forum choice is diminished where the cause of action does not arise in the forum or the plaintiff does not live in the forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-6 (1981) ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.").

King does not live in the Southern District of Illinois and the cause of action did not arise in this district. Moreover, as a result of King's recent move to Georgia, this District is no more or less convenient for her. Finally, the Court finds that the interests of justice warrant a transfer as it is preferable for King to litigate all of her related claims in one forum rather than cleaving away her ADEA claims for lack of venue.

## Conclusion

For the foregoing reasons, the Motion to Dismiss Any ADEA Claims is **DENIED** (Doc. 21), the Motion to Transfer Case is **GRANTED** (Doc. 21), the Motion to Stay is terminated as **MOOT** (Doc. 22), the Motion for Reconsideration is **TERMINATED** (Doc. 27), and the Motion to File Reply Brief is **DENIED** (Doc. 28). The Clerk of Court is **DIRECTED** to transfer this matter to the District Court for the Northern District of Illinois.

**IT IS SO ORDERED.**

**DATED: March 16, 2020**

**STACI M. YANDLE**
**United States District Judge**